**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**L.J. MUNNA, Defendant–Appellant.**

**No. 88–3393.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1989.

---

Julian R. Murray, Jr., New Orleans, La., for defendant-appellant.

Peter Strasser, Robert J. Boitmann, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Leonard J. Munna appeals his conviction on eight counts of bank fraud under 18 U.S.C. § 1006. The first seven counts of the indictment charged him with various improprieties in loan activities which violated his fiduciary obligations with the New Orleans Federal Savings & Loan Association (NOS & L). He was serving as President of NOS & L and a member of its Board of Directors and also the officer in charge of its commercial loans. The eighth count, under the same statutory pro-

vision, charged him with knowingly making false statements in a report to the Federal Home Loan Bank Board in connection with loans in which he had a personal interest.

On this appeal, the basic facts are not in dispute. They reveal that appellant approved commercial loans by NOS & L to parties conditioned upon their making personal loans to him, and he also approved other NOS & L loans in which he had some form of personal pecuniary interest.

■ Appellant urges as a matter of law that the loan transactions in which he personally benefitted did no more than deprive the entity of intangible rights (intangible fraud) as opposed to the "fraud" which he asserts is referred to in the bank fraud statute, 18 U.S.C. § 1006. The claim is that the word "fraud" must be interpreted to cover only depriving others of property and not intangible fraud.

This contention is based upon the decision of the United States Supreme Court in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), which held that the use of the word "fraud" in the mail fraud statute, 18 U.S.C. § 1341, was limited to acts which defrauded some entity of money or property. In *Herron v. United States*, 825 F.2d 50 (5th Cir.1987), we held that the same narrow interpretation of the word "fraud" applied in the wire fraud statute, 18 U.S.C. § 1343.[1]

The bank fraud statute makes criminal the conduct of any person who "with intent to defraud ... participates in or shares in or receives directly or indirectly any money, profit, property, or benefits through any ... act" of savings and loans corporations. It is to be noted that the wording of this statute in terms covers the actions of appellant. He participated or shared in and received "directly or indirectly money, profit, property, or benefits" through the loans he arranged on behalf of NOS & L.

In *Beaudine v. United States*, 368 F.2d 417 (5th Cir.1966), we interpreted the bank fraud statute in compliance with its broad

---

1. In passing it is noted that Congress amended the mail and wire fraud statutes in December 1988 to overrule the *McNally* case by providing

"the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."

wording. We described the scope and thrust of the bank fraud statute in these terms: "[T]he breadth of the specific acts prohibited ... reveal clearly a Congressional purpose to keep that part of the marketplace in which the federal government plays such a significant role free from fraud, deception, and corruption." We went on to say that it makes no difference whether the objective of the fraud was "to obtain an advantage or to cause the principal to suffer a loss." 368 F.2d at 420.

Appellant argues that *McNally* overruled the *Beaudine* interpretation. This contention is not persuasive. The wording differs widely as does the purpose of the two statutes. The wire fraud and mail fraud statutes are applicable to any persons who undertake to defraud other persons. There is no focus upon protecting an important financial institution and its customers from being placed in financial jeopardy by an officer of the financial institution using its assets for personal investments and profits. The business transactions in which the bank or savings and loan participates are insulated by the statute from such personal activities carried out in violation of the trust relationship that person must maintain with the institution and its customers.

We conclude that the interpretation of the *McNally* case was, while it existed, properly limited to the mail fraud and wire fraud criminal statutes. It was never applicable to the bank fraud statute. Our *Beaudine* case stated the proper interpretation of the word "defraud" in the bank fraud statute, an interpretation which was not touched by the Supreme Court's decision in the *McNally* case.

■ Appellant challenges his conviction under the final count which charged him with making false statements in the report to the Federal Home Loan Bank Board. The questionnaire simply asked whether or not any of the savings and loan officers had either received any benefits from or had acquired any interest in any of the institutional transactions. The negative answers given by the appellant were false even though he signed the document under an oath that the answers were true and accurate. Appellant testified that he did not read the questionnaire but that he simply signed it because it was put in front of him for signature by another NOS & L employee. It is overwhelmingly presumptuous for an experienced businessman, a certified public accountant, to claim that he signed such an important report to the regulatory government agency without paying any attention to what it said. The jury had every right to conclude that his swearing under oath in answer to the questions on the form was knowingly false.

The convictions of appellant, L.J. Munna, must be upheld.

AFFIRMED.